IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DALE GILLS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **02-1239 - DRH** |
| ) | |
| **S. RILEY, C/O HOERNER, ,** ) | |
| **ERICK PLOTT, C/O HAMBY,** ) | |
| **C/O BOWERS, C/O MONTI,** ) | |
| **C/O PEARSON, LORRAINE WOODS,** ) | |
| **and C/O ROLFE,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is defendant Lorraine Woods' Motion for Summary Judgment as to Plaintiff's Amended Complaint. **(Doc. 61)**. The Motion is supported by a Memorandum of Law. **(Doc. 62)**. Defendant filed a transcript of plaintiff's deposition as an exhibit to the motion; the exhibit was manually filed at **Doc. 45.**

On May 5, 2005, the Court granted plaintiff an extension of time to June 3, 2005, in which to respond to the motion. **See, Doc. 66**. On that same date, the Court issued a notice pursuant to *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)** in which it explained the consequences of failing to controvert the factual exhibits. **See, Doc. 67**.

Plaintiff has not filed a response to the motion. However, defendant Woods filed a similar motion directed to the original complaint, and plaintiff filed a response to that motion and

1

his own affidavit.  **(Docs. 50 and 51)**.  The Court will consider plaintiff's previous response and affidavit in connection with the instant motion.

## Nature of Plaintiff's Claim

Plaintiff Dale Gills is an inmate in the custody of the Illinois Department of Corrections. He filed suit under **42 U.S.C. §1983**, alleging various violations of his Eighth Amendment rights. On preliminary review, the Court divided plaintiff's complaint into three counts.  The moving defendant is named only in Count 2.  With leave of Court, Plaintiff filed an amended complaint on March 2, 2005, which makes generally the same allegations as the original complaint.

In his amended complaint, plaintiff alleges that, on August 25, 2001, while he was incarcerated at Tamms Correctional Center, various defendants used excessive force upon him. These defendants were correctional officers who were acting as part of a tactical team.  He alleges that mace was sprayed on him, he was choked, which caused him to suffer an asthma attack, handcuffs were applied too tightly, his hands were twisted, his face was smashed into a cabinet and into the floor. **Doc. 54, pages 3-4.**  Defendant Woods was employed as a nurse at Tamms.  Plaintiff alleges that she refused to provide him medical treatment, and that she did so in order to cover up for the other defendants' misconduct.  **Doc. 54, p. 5, ¶14.**

## Grounds for Motion

Defendant Woods moves for summary judgment pursuant to **Fed.R.Civ.P. 56**, on the following grounds:

1. Plaintiff did not suffer a serious medical need which went untreated.

2. Woods was not deliberately indifferent to plaintiff's medical condition in that she rendered treatment to him.

## Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party. **See,** *Anderson v. Liberty Lobby Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir.1996).** In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings. "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute.

*Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*, **94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, **969 F.2d 278, 281 (7th Cir. 1992).**

### Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical needs." *Oliver v. Deen*, **77 F.3d 156, 159 (7th Cir.1996)** (quoting *Estelle v. Gamble*, **429 U.S. 97, 97 St. Ct. 285 (1976)**). Unnecessary pain and suffering, <u>if sufficiently serious</u>, may implicate the Eighth Amendment. **See,** *Estelle*, **97 S. Ct. at 290.** Also, a delay in providing medical care, under some circumstances, may be sufficient for liability. *Kelley v. McGinnis*, **899 F.2d 612 (7th Cir. 1990).**

In order to prevail on his constitutional claim, plaintiff must show that the failure to treat was due to a prison official's deliberate indifference to his serious medical needs. Plaintiff must satisfy the two-part test enunciated in *Farmer v. Brennan*, **511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has both an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. *Reed v. McBride*, **178 F. 3d 849, 852 (7th Cir. 1999).**

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, **111 F.3d 1364, 1373 (7th Cir.1997)**. A medical condition is likely to be serious when it causes chronic and

substantial pain, significantly affects the individual's daily activities, or involves an injury that a reasonable doctor or patient would find important and worthy of treatment. *Id*.  A refusal to "dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue ... does not violate the Constitution." **Cooper v. Casey, 97 F.3d 914, 916 (7th Cir.1996); Gibson v. McEvers, 631 F.2d 95 (7th Cir.1980)** (failure to treat a common cold does not violate Eighth Amendment).

 It is well settled that  negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**.  See, *Estelle*, **97 S. Ct. at 292;** *Wood v. Woracheck*, **618 F.2d 1225 (7th Cir. 1980)**.  Likewise, the provision of a course of treatment other than that preferred by the inmate will not create liability.  *Estelle*, **97 S. Ct. at 293;** *Burns v. Head Jailor*, **576 F. Supp. 618 (N.D. Ill. 1984).**   The Constitution does not guarantee an inmate the right to receive a particular course of treatment of his own choosing.  *Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**

### Analysis

The Court recommends that summary judgment be granted because the record does not demonstrate that Lorraine Wood was deliberately indifferent to plaintiff's serious medical needs.

Plaintiff's deposition was taken on July 16, 2004.  He testified that, on August 25, 2001, he had been placed on property reduction status.  The events giving rise to this lawsuit began when plaintiff refused to give up his property to correctional officers who came to his cell at about 8:30 or 9:00 p.m.  Due to his refusal, a tactical team made up of six officers was assembled. (Depo. pp. 5-6).  Chemical agents (presumably, pepper spray or mace) were sprayed into the cell, and Plaintiff then decided to comply by backing up to the chuckhole and offering his hands to be cuffed behind his back.  Officers then opened the cell door, and Plaintiff came

5

out of the cell and was placed on his knees so that leg irons could be applied. According to plaintiff, while he was on his knees, Bowers choked him for five or six seconds. (Depo. pp. 11-14). Plaintiff was then taken to the nurses' station.

At the nurses' station, Lorraine Woods cleaned his eyes out with sterile water. Plaintiff testified that this is "per protocol." (Depo. p. 15). Some of the tactical team officers interrupted her, and slammed plaintiff to the floor "because I wouldn't let them hold my head straight." (Depo. p. 16). Although the testimony is less than clear, it appears that Plaintiff is saying that Bowers, under the guise of holding his head straight, actually banged his head into a cabinet. When he was slammed to the floor, his head hit the wheel of a gurney. Bowers tried to grind his face into the floor, and slammed his head to the floor. (Depo. pp. 16-18). He was then taken to the elevated security wing, his clothes were removed, and he was put in a shower to wash the chemical agent off. (Depo. pp. 18-20). He was then placed in cell B2-1.

That evening, while in cell B2-1, Plaintiff used a piece of caulking to cut his left wrist. (Depo. pp. 27-29). This left a bump on his left wrist. It took about a week to heal. (Depo. p. 34). Plaintiff testified that he received the following injuries on August 25, 2001, in addition to the self-inflicted cut on the left writs: scars on right wrist and left ankle from handcuffs and shackles, a "busted" lip, and a swollen right eye. (Depo. pp. 22-24).

When asked about his claim against Woods, Plaintiff testified that she "refused to document what happened" (Depo. pp. 26-27), she did not come to see if he needed medical attention after he was taken by the guards to the elevated security wing (Depo. p. 27), and she didn't give him any treatment for a self-inflicted cut on his left wrist (Depo. pp. 29-30).

Defendant Woods is entitled to summary judgment. Plaintiff cannot satisfy either the

objective or subjective prongs of the *Farmer* test.  According to plaintiff's own testimony, he suffered only minor injuries that healed in a short period of time.  Thus, he did not suffer a "serious medical need" so as to implicate the Eighth Amendment.  See, **Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997)**; **Cooper v. Casey, 97 F.3d 914, 916 (7th Cir.1996); Gibson v. McEvers, 631 F.2d 95 (7th Cir.1980).**

In addition, plaintiff admits that the medical records indicate that Woods documented the fact that plaintiff cut himself, and he was seen by a different nurse three times the next day.  He was also seen by a mental health professional on August 27, 2001.  (Depo. pp. 29-32).  Plaintiff cannot establish that Woods was deliberately indifferent to his condition.

The Court has considered plaintiff's affidavit and response, **Docs. 50 and 51.**  In his affidavit, dated January 28, 2005, plaintiff asserts that he suffered an asthma attack while his eyes were being cleaned out, and while the guards beat him in front of Woods.  He states that Woods refused to provide treatment for his asthma.  However, nowhere in his deposition did plaintiff testify that he suffered an asthma attack.  He testified only that he had difficulty breathing while being moved from his cell to the medical unit because he was sprayed with mace.  **(Depo. pp. 57-58)**.  His deposition testimony gives no indication that he suffered an asthma attack at all, or that Woods had any reason to believe that he was suffering an asthma attack for which he needed treatment.  Plaintiff cannot create an issue of fact by submitting an affidavit which contradicts his previous sworn testimony.  **Russell v. Acme-Evans Corporation, 51 F.3d 64, 67-68 (7th Cir.1995);   See also**, **Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719, 724 (7th Cir.1998), and cases cited therein.**

Plaintiff also suggests in his response that Woods is liable for failing to be "verbal

against physical abuse of a[n] inmate patient." **Doc. 50, p.2**. Woods is a nurse; there is no reason to believe that she had any supervisory authority over the prison guards. The Eight Amendment places no duty on Woods to verbally protest the way a prison guard treats an inmate.

Lastly, to the extent that plaintiff bases his claim on Woods' alleged failure to document what happened to him at the hands of the guards, his claim must fail. The Eighth Amendment does not confer on an inmate a right to accurate or complete medical records. Woods may have a professional responsibility with regard to record keeping, but professional negligence alone does not give rise to an Eighth Amendment claim. **See *Estelle*, 97 S. Ct. at 292; *Perkins v. Lawson*, 312 F.3d 872, 875  (7th Cir. 2002) (stating that even gross negligence does  not constitute deliberate indifference)**.

### Recommendation

For the foregoing reasons, this Court recommends that defendant Lorraine Woods' Motion for Summary Judgment as to Plaintiff's Amended Complaint **(Doc. 61)** be **GRANTED**.

In addition, despite the fact that defendant Cox was dismissed with prejudice on preliminary review, plaintiff named him in the caption of the amended complaint, **Doc. 54.** As was the case in the original complaint, the body of the amended complaint contains no allegations as to Cox. The Court should enter an order again dismissing Cox.

Woods was the only defendant named in Count 2. If this recommendation is accepted, only Counts 1 and 3 will remain pending.

Objections to this Report and Recommendation must be filed on or before **August 1, 2005.**

**Submitted:	July 13, 2005.**

											**s/ Clifford J. Proud	**
											**CLIFFORD J. PROUD**
											**UNITED STATES MAGISTRATE JUDGE**